# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>vs.<br>DALE CHANEY (4),<br>　　　　　　　　Defendant. | CASE NO. 18cr4217-LAB<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>**[Dkt. 266]** |

　　　In 2019, Dale Chaney pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court sentenced him to 180 months in custody followed by 5 years of supervised release. Chaney is projected to be released from Bureau of Prisons ("BOP") custody on July 20, 2031. He now moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), urging the Court to grant him compassionate release due his underlying health issues.

　　　Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion to modify his term of imprisonment only if the defendant first petitions the BOP to file the motion on her behalf. The movant bears the burden of demonstrating that he has made such a petition and that BOP has denied it. *See United States*

*v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases); *see also U.S. v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998) (movant under § 3582(c) bears initial burden of demonstrating that sentence reduction is warranted).

Chaney represents that he asked the warden to file a motion for compassionate release on his behalf, but he hasn't provided a sworn declaration or any documentation that he petitioned BOP for release, and that it was denied. Chaney hasn't carried his burden to prove that he has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). The Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: 4/23/2021

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns
United States District Judge